**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

TEAL COMMUNICATIONS, INC., )
)
    Plaintiff/Counterclaim )
    Defendant, )
)
    v. ) C.A. No. N24C-02-141 MAA CCLD
)
PREMIER WIRELESS SOLUTIONS, )
LLC, as successor in interest to PREMIER )
WIRELESS SOLUTIONS, INC., )
)
    Defendant/Counterclaim )
    Plaintiff. )

Submitted: August 19, 2025
Decided: September 8, 2025

## ORDER

***Teal Communications, Inc.'s Motion to Quash Defendant's Twelve Non-Party Subpoenas and For a Protective Order:***
**DENIED.**

Upon consideration of Plaintiff Teal Communications, Inc.'s ("Teal") Motion to Quash Defendant's Twelve Non-Party Subpoenas and For a Protective Order,[1] (the "Instant Motion") it appears to the Court that:

## Background

1. Teal brought a declaratory judgment and breach of contract action against Defendant Premier Wireless Solutions, LLC ("Premier").[2] Teal contends the

---

[1] D.I. 88.
[2] D.I. 1.

1

Parties' Master Services Agreement required Premier to purchase a certain amount of Teal's services, that Premier failed to purchase that amount, and that Premier then failed to pay for the difference between the MSA's required purchase amount and the amount Premier actually purchased.[3] Premier filed an answer and counterclaims, raising claims for fraudulent inducement, fraud, breach of contract, unjust enrichment, and negligence.[4] Premier contends Teal lied about its capability to produce certain functions for Premier.[5]

2. Premier served twelve non-party subpoenas (the "Subpoenas") on Teal's investors and other customers (the "Recipients").[6] On April 11, 2025, Teal filed the Instant Motion, asking the Court to quash the Subpoenas or enter a protective order.[7] Teal contends the Subpoenas "seek voluminous, irrelevant information that could have been obtained, if it were discoverable, in a more convenient and less burdensome manner from Teal."[8] On April 30, 2025, Premier filed their response to the Instant Motion, contending Teal lacks standing to dispute the Subpoenas, and that the Subpoenas are appropriate.[9] The Instant Motion is now ripe for review.

---

[3] D.I. 88 ¶¶ 1-3.
[4] D.I. 15.
[5] D.I. 105 ¶ 1.
[6] D.Is. 69-79, 83.
[7] D.I. 88.
[8] *Id.* ¶ 9.
[9] D.I. 105.

## Legal Standard

3.      "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[10]  Discovery shall be limited if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery sought is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[11]

4.      A movant may seek to quash a subpoena if it "(i) fails to allow reasonable time for compliance, (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iii) subjects a person to undue burden."[12]  The burden on the movant is a "heavy" one.[13]

5.      Rule 26 provides: "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the Court may make any order which

---

[10] Del. Super. Ct. Civ. R. 26(b)(1).

[11] *Id.*

[12] Del. Super. Ct. Civ. R. 45(c)(3)(A).

[13] *Robocast, Inc. v. Microsoft Corp.*, 2013 WL 1498666, at *1 (D. Del. Apr. 12, 2013) (citation and internal quotation marks omitted) (discussing Federal Rule of Civil Procedure 45).  "Delaware courts give authorities applying the Federal Rules of Civil Procedure great persuasive weight in the construction of a parallel Delaware Rule." *In re AMC Ent. Hldgs, Inc. S'holder Litig.*, 2023 WL 2518479, at *3 n.22 (Del. Ch. Mar. 15, 2023) (citation modified).

justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[14] Rule 26 further provides: "A party has standing to move for a protective order with respect to discovery directed at a nonparty on the basis of annoyance, embarrassment, oppression, or undue burden or expense that the moving party will bear."[15]

**Discussion**

6. Premier contends Teal lacks standing to contest the Subpoenas, as they were issued to third parties.[16] Premier relies on the Court of Chancery's decision in *Cede & Co. v. Joule Inc.*, where the court declared "when a subpoena is issued to a non-party, a party does not have standing to object to the subpoena unless production of documents pursuant to the subpoena would violate a privilege held by the objecting party."[17] Teal does not argue the disclosure of the information would violate a privilege held by Teal.[18]

7. More recently, in *Matter of Jeremy Paradise Dynasty Trust*, the Court of Chancery declared:

> It is true that a party does not have standing to object to a subpoena or motion for commission on the grounds that the discovery sought would unduly burden the producing party; the producing party is responsible

---

[14] Del. Super. Ct. Civ. R. 26(c) (citation modified).
[15] *Id.*
[16] D.I. 105 ¶ 7.
[17] 2005 WL 736689, at *1 (Del. Ch. Feb. 7, 2005) (citation omitted).
[18] D.I. 88.

4

for protecting its own rights, as are we all. Yet, a party has standing to object to third-party discovery that imposes a burden on the party.[19]

The court held that, because the party-movant "framed his objection as based on the burden that the commission will impose on him," he had standing to object.[20] The Court of Chancery subsequently supplemented the decision in *Jeremy Paradise*, explaining that a recent amendment to Rule 26 provides parties with standing to object to discovery directed at non-parties "on the basis of annoyance, embarrassment, oppression, or undue burden or expense that the moving party will bear."[21]

8.    Throughout the Instant Motion, Teal contends the information sought from the Recipients can be acquired from Teal, that the Subpoenas impose an undue burden on the Recipients, and that the information sought is irrelevant.[22] These arguments cannot be raised on the investors' behalf, as they do not fall within the categories enumerated in Rule 26: "annoyance, embarrassment, oppression, or undue burden or expense that the moving party will bear."[23]

---

[19] 2022 WL 840074, at *1 (Del. Ch. Mar. 22, 2022), *supplemented sub nom. In re Jeremy Paradise Dynasty Tr.* (Del. Ch. 2022).
[20] *Id*. at *2.
[21] 2022 WL 20651181, at *1 (Del.Ch. Mar. 31, 2022). The same relevant provision of the Superior Court's Rule 26(c) is quoted in the previous section.
[22] *See generally* D.I. 88.
[23] Del. Super. Ct. Civ. R. 26(c).

In a 2018 case, the Court of Chancery held that a party could not successfully raise a relevance objection to a third-party subpoena. *In re Est. of Wolhar*, 2018 WL 721417, at *9-10 (Del. Ch. Feb. 6, 2018), *adopted sub nom. In re Wolhar v. Wolhar* (Del. Ch. 2018). Nothing in the Rule 26 language contradicts *Wolhar* by indicating that a relevance objection to third-party

5

9.   Teal contends the Subpoenas will sour Teal's relationship with the Recipients by exposing them to Premier's accusations against Teal.[24]  While Teal does not invoke the term, this argument could fall within the "embarrassment" category of Rule 26.[25]

10.   While the Court understands Teal's argument, Teal's concern does not justify quashing the Subpoenas or the implementation of a protective order.  Teal objects to Premier's decision to attach the Complaint and Answer to the Subpoenas.[26] Neither document was filed under seal on the Court's docket; thus the documents are publicly available.[27]  Indeed, attachment of the pleadings would enable the Recipients to raise the objections Teal is barred from raising on their behalf, such as relevance and undue burden.  The dispute between Teal and Premier is public and Teal's concern that it will be presented to the Recipients does not justify the barring of Subpoenas.

11.   Teal contends the Subpoenas are designed to harass Teal by creating friction between Teal and the Recipients, as the Subpoenas burden the Recipients

---

discovery may be raised by a party.  *See* Del. Super. Ct. Civ. R. 26(c) ("A party has standing to move for a protective order with respect to discovery directed at a nonparty on the basis of annoyance, embarrassment, oppression, or undue burden or expense that the moving party will bear.").

[24] *See generally* D.I. 88.

[25] Teal provides no caselaw addressing embarrassment.

[26] D.I. 88 ¶ 9.

[27] D.Is. 1, 15.

who must provide discovery.[28] As the Court understands Teal's argument, the burden posed on the Recipients will incite them to resent Teal, jeopardizing the relationships. Teal's argument does not justify blocking discovery.[29] Third-party discovery will always place a burden on the third-party, perhaps creating conflict between the parties, but concern about that resentment is outweighed by the need to collect potentially relevant evidence.

12. Teal contends the Subpoenas harass the Recipients but does not articulate how so, other than by imposing the burden of producing discovery—an argument for which Teal lack standing.[30] This argument fails.[31]

13. Teal's arguments against the Subpoenas are either barred by a lack of standing or lack merit. Therefore, the Instant Motion is **DENIED.**

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

---

[28] D.I. 88 ¶¶11-13.

[29] Teal provides no caselaw in support of this argument.

[30] *See generally* D.I. 88.

[31] Rule 26 provides that "a party has standing to move for a protective order with respect to discovery directed at a nonparty on the basis of annoyance" but does not specify whether that annoyance must be felt by the party or may be felt by the non-party. Del. Super. Ct. Civ. R. 26(c). Either way, Teal fails to articulate objectionable annoyance born by the Recipients.